# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0235, <u>State of New Hampshire v. Parker Wright</u>, the court on November 28, 2017, issued the following order:**

Having considered the memoranda of law and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Parker Wright, appeals his conviction for disorderly conduct, <u>see</u> RSA 644:2, I (2016), following a bench trial (<u>Rappa</u>, J.). The defendant was charged after he jumped off the DiCenzo Bridge into the Pemigewasset River in Plymouth. He argues that: (1) it is not illegal to jump off the DiCenzo Bridge; (2) the charging officer didn't see him jump; (3) the witnesses who reported the incident didn't see him jump; (4) the only witness who testified at trial that he saw Wright jump off the bridge also testified that Wright's life was not placed in danger. The defendant also contends that there was "no reasonable evidence [to] support" the fine imposed and the amount of restitution that he was ordered to pay.

As the appealing party, the defendant has the burden to provide this court with a record sufficient to decide the issues that he is raising on appeal and to demonstrate that he raised them in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

RSA 644:2, I, provides that a person is guilty of disorderly conduct if he "knowingly or purposely creates a condition which is hazardous to himself or another in a public place by any action which serves no legitimate purpose." In this case, the defendant has not supplied a transcript of the hearing before the trial court. We note that he concedes in his memorandum of law that he jumped from the DiCenzo Bridge into the Pemigewasset River on February 26, 2016. The limited record before us also contains a breakdown of the amount of restitution that the defendant was ordered to pay, and establishes that he was authorized to perform community service to satisfy the fine and assessment imposed by the court. <u>See</u> RSA 644:2, VI (2016) (disorderly conduct classified as misdemeanor if offense continues after request to desist; otherwise it is a violation); RSA 651:2, IV(a) (2016) (amount of fine imposed upon individual following conviction of violation may not exceed $1000).

Each of the issues that the defendant raises on appeal contains a factual component.  Absent a transcript, we assume the evidence was sufficient to support the trial court's findings.  <u>See</u> <u>Bean</u>, 151 N.H. at 250; <u>see</u> <u>also</u> <u>State v. Dodds</u>, 159 N.H. 239, 247 (2009) (trier of fact in best position to measure persuasiveness and credibility of evidence and not compelled to believe even uncontroverted evidence).  We therefore examine the trial court's order for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**